# UNITED STATES DISTRICT COURT
for the
Eastern District of North Carolina

FILED
SEP 0 3 2020
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

a black Apple iPhone cellular telephone, Model:A166, FCCID: BCG-E3087A, IC:579C-E3087A

Case No. 7:20-mj-1209-RJ

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

a black Apple iPhone cellular telephone, Model:A166, FCCID: BCG-E3087A, IC:579C-E3087
located at 2451 S. College Rd., Wilmington, NC.

located in the _____Eastern_____ District of _____North Carolina_____, there is now concealed *(identify the person or describe the property to be seized)*:

The above item is currently in the custody of the Wilmington Police Department in a secured location located at 2451 South College Road, Wilmington, NC, as more particularly described in Search Warrant Affidavit Attachment A.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21,U.S.C.§841(a)(1) | Distribution of Controlled Substances |
| Title 18,U.S.C.§922(g)(1) | Possession of a Firearm by a Convicted Felon |

The application is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

FBI TFO LONNIE WADDELL
*Printed name and title*

Pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure, the applicant appeared before me via reliable electronic means, was placed under oath and attested to the contents of this Application for Search Warrant.

Date/Time: September 3, 2020 8:30 am
City & State: Wilmington, North Carolina

Robert B. Jones Jr., United States Magistrate Judge

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF SUBJECT ELECTRONIC DEVICE DESCRIBED IN ATTACHMENT A | Case No. 7:20-mj-1209-RJ |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Task Force Officer Lonnie Waddell, Federal Bureau of Investigation, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search for and seize fruits, evidence, and instrumentalities of multiple criminal violations; more particularly described in Attachment B, which is attached hereto and incorporated by reference, on the following electronic DEVICE, more particularly described herein and in Attachment A ("DEVICE"), attached hereto and incorporated by reference:

   a. The following item was in the possession of FREDDIE TAYLOR IV at the time of his arrest on August 17, 2020 all of which are currently in the possession of the Wilmington Police Department, located at 2451 South College Road, Wilmington, NC, 28412:

      a black Apple iPhone cellular telephone, Model:A166, FCCID: BCG-E3087A, IC:579C-E3087

1

FOIA

2. The applied-for warrant would authorize the forensic examination of the DEVICE for the purpose of identifying electronically stored data particularly described in Attachment B.

3. Probable cause exists to believe that the requested information will constitute or lead to evidence concerning offenses involving firearm possession by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1), as well as the identification of individuals who are engaged in the commission of these offenses (hereinafter "Target Offenses").

4. I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation; from discussions with other agents and investigators; from my discussions with witnesses involved in the investigation; and from review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another agent, law enforcement officer, or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated. Since this affidavit is being submitted for the limited purpose of securing a search warrant authorizing the search of the aforementioned DEVICE, I have not included details of every aspect of the investigation. Facts not set forth herein are not being relied upon in reaching my conclusion that the requested order should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

5. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516.

2

6. I am a Task Force Officer with the Federal Bureau of Investigation. I am currently assigned to the Wilmington, NC Field Office.

7. I am a Detective with the Wilmington Police Department in Wilmington, North Carolina and have been employed with my agency for 13 years, 2 months. I am presently part-time assigned to the Federal Bureau of Investigation, Safe Streets Task Force in Wilmington, North Carolina and have been a Task Force Officer for 5 years. In that capacity, I routinely investigate violations of the federal criminal statutes. During my assignment, I have also spoken on numerous occasions with informants, suspects, and experienced investigators concerning the manner, means, methods, and practices that criminals use to further the operation of their criminal enterprises and the most effective methods of investigating and dismantling such organizations.

## PRIOR SEARCH AND SEIZURE WARRANT

8. Federal agents were investigating TAYLOR for violations of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), and for violations of the Controlled Substances Act, 21 U.S.C. § 846 and 841(a)(1), pertaining to sales of illegal controlled substances. On August 12, 2019, this Court issued an arrest warrant for TAYLOR based on a Complaint filed that same day by United States Magistrate Judge Robert B. Jones, Jr. See United States v. FREDDIE TAYLOR IV, et al., No. 7:20-mj-1193-RJ.

9. On August 17, 2020, Task Force Officers (TFO) with FBI Safe Streets along with Wilmington Police Department (WPD), North Carolina (NC), Officers arrested TAYLOR in the 1600 block of Market Street in Wilmington, NC. TAYLOR had an active Federal warrant for the possession of a firearm by a convicted felon. FBI TFO Waddell seized a black Apple iPhone cellular device, a back Motorola cellular device and an Alcatel cellular device during the arrest of TAYLOR. TAYLOR identified the DEVICE as belonging to him during his arrest.

3

10. The WPD Special Investigation Division Gang Unit validated TAYLOR as a member of the UBN Double II Blood set. TAYLOR was validated for his affiliation with Double II Blood gang members and photographs of TAYLOR displaying Double II gang symbols.

11. On July 10, 2020, when TAYLOR was initially arrested for the possession of a firearm by a convicted felon by the WPD Mobile Field Force Unit, he was in the vehicle with validated blood gang member JAVANTE MCALLISTER-SANDERS. SANDERS was in possession of a quantity of heroin which he had on his person in the vehicle with he and TAYLOR. This affiant is aware that firearms are used as a tool for illegal drug sales. It is common for drug distributors to either carry firearms on their person or have someone with them carrying a firearm during their illegal drug distribution. TAYLOR also had two cellular devices that were seized by WPD during his arrest on July 10, 2020. This affiant knows it is common for persons involved in illegal drug distribution to carry more than one cellular device in efforts to elude law enforcement detections. Search warrants for TAYLOR's two cellular devices were obtained from the New Hanover County Superior Court. Data was extracted from the cellular devices to included text messages, photographs, call logs and videos. This affiant reviewed the data from both devices. This affiant saw text messages showing TAYLOR's involvement in illegal drug distribution and illegal drug use. Photographs from the cellular devices showed TAYLOR with firearms. Photographs also showed TAYLOR and known validated Blood Gang Members in the City of Wilmington, NC, to include MCALLISTER-SANDERS.

12. On August 17, 2020, during TAYLOR's arrest he had three cellular devices on his person. TAYLOR was inside a vehicle with JAHMIR SAHW during his arrest. The vehicle had a strong odor of marijuana emanating from the inside when TAYLOR was removed from the sedan and arrested. A search of TAYLOR, SHAW and the vehicle was conducted by WPD Mobile Field

4

Force. The search resulted in small pieces of marijuana found throughout the sedan and SHAW to have cocaine on his person. This affiant knows from the search of TAYLOR's cellular DEVICE seized on July 10, 2020, it is more probable than not that information on the DEVICE seized during TAYLOR's arrest will contain information on illegal drugs, firearms and TAYLOR's gang affiliation and others involved in the same activities as TAYLOR.

13. This Affiant knows from his training and experience that illegal street gang members use their cellular devices to post on social media pictures of their gang affiliation, other gang members, firearms, and illegal drugs. This Affiant also knows that pictures of firearms, illegal drugs, gang affiliations and other gang members to be stored on cellular devices belonging to illegal street gang members.

14. The DEVICE are currently stored at the office of the Wilmington Police Department in Wilmington, North Carolina. In my training and experience, I know that the DEVICE has likely been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when the DEVICE first came into the possession of the government.

15. As described further below, I submit that there is probable cause to believe that evidence of illegal drug distribution in violation of Title 21 U.S.C. § 841(a)(1) and illegal firearm possessions in violation of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), will likely be found on the electronic storage DEVICE belonging to or used by TAYLOR.

16. Therefore, the government requests permission to search the electronic storage DEVICE that was seized pursuant to TAYLOR's arrest on August 17, 2020.

5

## PROBABLE CAUSE TO SEARCH SEIZED DEVICE

17. The DEVICE is currently in the lawful possession of the Wilmington Police Department and has been since August 17, 2020, when the DEVICE was seized by TFO Waddell. Therefore, while the FBI might already have all necessary authority to examine the DEVICE, I seek this additional warrant out of an abundance of caution to be certain that an examination of the DEVICE will comply with the Fourth Amendment and other applicable laws.

18. The DEVICE is currently in storage at the Wilmington Police Department, 2451 South College Road Wilmington, NC, 28412. In my training and experience, I know that devices similar to this DEVICE have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when the DEVICE first came into the possession of the FBI.

## TECHNICAL TERMS

19. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text

6

messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital Memory Cards: A digital memory card is a storage media to store recorded images, typically from a digital camera. Images can usually be retrieved by connecting the digital memory card to a separate reader.

20. Based on my training, experience, and research, I know that cellular telephone devices have capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation device and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

21. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

22. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the DEVICE was used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the DEVICE because:

7

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

23. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the DEVICE

8

consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the DEVICE to human inspection in order to determine whether it is evidence described by the warrant.

24. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

25. Based on the evidence listed above, the affiant respectfully submits that there is probable cause to find that evidence of violations of Title 21 U.S.C. § 841(a)(1) and Title 18 U.S.C. § 922(g)(1) is located on the DEVICE.

26. Therefore, I respectfully request that the attached warrant be issued authorizing the search of the items listed above.

Respectfully submitted,

Lonnie Waddell
Task Force Officer, FBI
Wilmington, NC Field Office

Pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure, the affiant appeared before me via reliable electronic means, was placed under oath and attested to the contents of this Affidavit.

Date/Time: September 3, 2020 8:29 am
City & State: Wilmington, North Carolina

Robert B. Jones Jr., United States Magistrate Judge

9

## ATTACHMENT A

### Property to be Searched:

- a black Apple iPhone cellular telephone, Model:A166, FCCID: BCG-E3087A, IC:579C-E3087, (hereinafter referred to as the "SUBJECT DEVICE").

## ATTACHMENT B

## ITEMS TO BE SEIZED:

A.  Evidence, Fruits, and Instrumentalities of the Subject Offenses:

The items to be seized from the SUBJECT DEVICE include the following evidence, fruits, and instrumentalities of violations of violations of Title 21 U.S.C. § 841(a)(1)

- All digital content, to include call history, SMS/MMS history, contacts, website search history, videos, photos, content from social media sites, to include Facebook, Facebook messenger, Snapchat, Instagram, WhatsApp and others, and any content not listed which would reveal evidence of the aforementioned violations of federal law.

11